IN THE MATTER OF NATHAN TURESKY,
AN ATTORNEY-AT-LAW.

Submitted May 21, 1968—Decided June 6, 1968.

*Mr. Frederick C. Vonhof* submitted the matter for the Essex County Ethics Committee in support of the order.

No appearance for respondent.

The opinion of the court was delivered

PER CURIAM. On June 1, 1967 the Essex County Ethics Committee filed an interim report and presentment finding respondent guilty of several charges of misappropriation of clients' funds and other unethical conduct related thereto. Shortly thereafter the Committee forwarded to us his resignation from the bar, which had been submitted to it, and advised of additional complaints of embezzlement lodged with it. During the same month two indictments for embezzlement were returned against respondent by the Essex County Grand Jury. In view thereof, we deferred action on the resignation and on June 30 suspended him from practice until the further order of the court. 49 *N. J.* 603. In November of the same year another indictment for embezzlement was returned.

Subsequently the Committee advised the Court of a complaint made to it that respondent had engaged in the practice of law after the suspension and had during this same period embezzled additional monies. We referred this phase of the matter to a Superior Court Judge for investigation and hearing, who reported to us that respondent was guilty of this misappropriation and had willfully and knowingly violated the suspension order by practicing thereafter both in court and otherwise.

The Committee has since filed a supplemental presentment reporting that respondent has pleaded guilty to the three indictments for embezzlement and has been sentenced to a prison term thereon, which he is now serving. The is-

suance of the present order to show cause followed, as to which respondent has offered no defense.

Under the circumstances, we decline to accept respondent's resignation from the bar. *R. R.* 1 :18A. Nothing less than disbarment is called for by virtue of the guilty pleas to embezzlement. *In re Kraemer,* 49 *N. J.* 400 (1967). It therefore becomes unnecessary to deal further with the other charges presented by the Committee or reported upon by the Superior Court Judge.

It is ordered that respondent be and he is hereby disbarred and his name is ordered stricken from the roll of attorneys of this state.